UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOSEPH FRANGIONE,**

    **Plaintiff,**

v.

**GC SERVICES LIMITED PARTNERSHIP,**

    **Defendant.**

CASE NO: 8:21-cv-1193-MSS-AAS

___

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant's Motion to Dismiss for Failure to Prosecute. (Dkt. 22) Plaintiff failed to respond to the Motion and to timely respond to the Court's Order to Show Cause. (Dkt. 23) In the Motion, Defendant requests the Court dismiss this case with prejudice under Federal Rule of Civil Procedure 41(b).

Plaintiff filed the Complaint in this case on May 17, 2021. (Dkt. 1) On July 7, 2021, before Defendant answered or otherwise responded to the Complaint, the Court stayed the proceedings pending the outcome of an appeal before the Eleventh Circuit of a legally and factually identical case. (Dkt. 13) The Eleventh Circuit published its *en banc* decision in the case on September 8, 2022. (Dkt. 22 at ¶ 5) Then, the Parties informed the Court that they expected to reach an agreement as to how the case would

proceed before October 21, 2022. (Dkt. 16)

Ultimately, the Parties never informed the Court as to how they intended to proceed. Plaintiff's counsel withdrew from this case on November 16, 2022. (Dkt. 18) Since that time, Plaintiff has not filed any paper or pleading. Defendant represents that Plaintiff has not pursued discovery or sent any communication to Defendant since the withdrawal of Plaintiff's counsel nearly two years ago. (Dkt 22 at ¶ 11)

Based on the foregoing, Defendant requests the Court dismiss this case with prejudice. Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute or to obey a court order or federal rule. However, "dismissal with prejudice is plainly improper unless and until the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1339 (11th Cir. 2005); Ebanks v. WebBank Corp., No. 19-cv-618, 2020 WL 5513340, at *5–6 (M.D Fla. Sept. 14, 2020) (finding dismissal with prejudice appropriate where the plaintiff failed to timely respond to discovery requests and court-ordered tasks and demonstrated "egregious disinterest" in prosecuting his complaint). Plaintiff has not taken any action in this case since November 2022. Plaintiff failed to respond to Defendant's Motion, and failed to respond to the Court's Order to show cause why the case should not be dismissed for failure to prosecute. Such inaction on Plaintiff's part evidences a pattern of willful delay. See id. The Court also finds that Plaintiff's "unexplained absence" from his case for nearly two years "renders futile all options available to the Court other than dismissal with prejudice." Id. at *6. The Court's

Order to Show Cause provided Plaintiff an opportunity to revive his prosecution of this lawsuit, but the Court warned Plaintiff that the failure to timely respond to the Order "will result in this case being dismissed with no further notice from the Court." (Dkt. 23) The Court finds a sanction lesser than dismissal with prejudice would inadequately deter Plaintiff's willful disregard for the Court's orders and his obligations in this litigation.

Accordingly, it is hereby **ORDERED**:

1. Defendant's Motion to Dismiss for Failure to Prosecute, (Dkt. 22), is **GRANTED**.

2. This case is **DISMISSED WITH PREJUDICE**.

3. The Clerk is **DIRECTED** to terminate any pending deadlines and to **CLOSE** this case.

**DONE and ORDERED** in Tampa, Florida, this 8th day of October 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies to:**   Counsel of Record
Any pro se party